UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor Bernard Perkins | Case No. 24-cv-1398 (PAM/TNL) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| Joe Biden, President of the United States; Donald Trump, Fmr. President of the U.S.; and Director of the Internal Revenue Service, | |
| Defendants. | |

Victor B. Perkins, *pro se*, Reg. No. 08783-039C, FMC-Rochester, PMB 4000, Rochester, MN 55903-4000

The Eastern District of New York transferred Plaintiff Victor Bernard Perkins's civil action to this District in the interests of justice pursuant to 28 U.S.C. § 1406(a). [ECF No. 6]. Perkins's civil complaint, [ECF No. 1], Motion to Proceed *In Forma Pauperis* ("IFP"), [ECF No. 2], and Motion for a Procedural Order to Show Cause, [ECF No. 4], are now before this Court for preservice review pursuant to 28 U.S.C. § 1915(e).

Upon review of the IFP application, the Court concludes that Perkins qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th

1

Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Perkins is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") on an order for civil commitment pursuant to 18 U.S.C. § 4246. *See* Order for Commitment, *United States v. Perkins*, Case No. 5:92-HC-0654 (E.D.N.C. Nov. 6, 1992) [ECF No. 4]. In his Complaint, Perkins claims that he only received $1,900 of the $3,200 in federal stimulus money to which he was entitled. He requests relief in accordance with the Due Process Clause of the First, Fifth, and Fourteenth Amendments and 26 U.S.C. § 2522.

Although Perkins does not expressly assert a cause of action, because he seems to allege violations of his constitutional rights by federal officials, this Court considers whether he has pleaded a plausible cause of action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).

To state a plausible *Bivens* claim, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id.* at 678.

Here, Perkins says that he did not receive "his full presidential awarded stimulus," *see* [ECF No. 1], which this Court understands to be a reference to the economic impact payments ("EIPs") authorized by the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act"), *see* 26 U.S.C. § 6428 *et seq.*, and the Consolidated Appropriations Act of 2021 ("CAA"), *see* 26 U.S.C. § 6428A *et seq*. But the fundamental problem with Perkins's claims is that he failed to allege what any of the defendants—former President Trump, President Biden, and the Director of the Internal Revenue Service—did (or failed to do) in violation of his constitutional rights. Although he claims that former President Trump authorized the stimulus money, he asserts no facts to suggest

that former President Trump personally failed to disburse to him all the money he was entitled to receive. Aside from identifying President Biden as the current President of the United States, Perkins does not offer any facts alleging what President Biden specifically did (or did not do) in violation of his rights. Similarly, although Perkins names the Director of the Internal Revenue Service as a defendant, he alleges no facts to suggest that this individual is personally responsible for issuing his EIPs.

Further, to the extent that Perkins identifies these defendants in their official capacities, a suit against the defendants in their official capacities is treated as a suit against the United States itself. *See Buford*, 160 F.3d at 1203. And "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id.* Perkins's *Bivens* claim should therefore fail.

Perkins, moreover, has asserted no other plausible cause of action. Confronted with the question, federal courts have failed to find a private cause of action under the CARES Act for receipt of non-disbursed funds. *See Bernard v. Yellen*, Case No. 21-00453-CV-W-DGK-P, 2021 WL 3403518, at *3-4 (W.D. Mo. July 1, 2021) (quoting *Puckett v. U.S. Dep't. of Treasury Internal Revenue Service*, Case No. 1:21-CV-425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) ("[Plaintiff] has not pointed to any such statute nor has he referred the Court to any statutory authority or case law authority which would allow him to maintain an action against the United States under the CARES Act for receipt of specific non-disbursed funds.")). Further, "Congress established a December 31, 2020 deadline for requests to receive an EIP rather than a tax refund. 26 U.S.C. § 6428(f)(3)(A). The CAA used the same mechanism, with a deadline of January 15, 2021, for requesting an EIP. 26

U.S.C. § 6428A(a)." *Sanders v. U.S. Dep't of Veterans Affairs*, Case No. 23-CV-2676 (SRN/DJF), 2024 WL 1076555, at *2 (D. Minn. Mar. 12, 2024). Those deadlines have long passed.

Finally, although Perkins characterizes this money as a "gift" awarded to him pursuant to 26 U.S.C. § 2522, *see* [ECF No. 1], Perkins misapprehends the law. As described above, the CARES Act and CAA authorize the Secretary of the Treasury to issue EIPs as direct payments. *See also Sanders*, 2024 WL 1076555, at *2. Section 2522, by contrast, is part of the tax code and allows the value of certain charitable gifts to be deducted as income for the purposes of calculating a taxpayer's tax liability. *See* 26 U.S.C. § 2522, *et seq.* Perkins, therefore, has failed to establish a plausible cause of action over which this Court has jurisdiction.[1] Perkins's Complaint, [ECF No. 1], should therefore be dismissed without prejudice, and Perkins's IFP Application, [ECF No. 2], and Motion for a Procedural Order to Show Cause, [ECF No. 4],[2] be denied as moot.

[Continued on next page.]

---

[1] To the extent that Perkins asserts some other cause of action, this Court finds none. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be liberally construed, they must still allege sufficient facts to support the claims advanced.") (internal citations omitted).

[2] Perkins filed a "Motion for a Procedural Order to Show Cause as to Why Complaint of a Wrongful Imprisonment and a Wrongful Civil Commitment as that of Retaliatory Actions Whould [sic] Not Be Granted Due to the Failure and/or Neglect to Respond Pursuant to Rule 54(c) of the FRCivP." [ECF No. 4]. Because Perkins's Complaint does not concern his current detention, this Court questions whether Perkins intended to file this Motion into this case. In any event, this Motion should be denied as moot because Perkins has failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

# RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, the Court **RECOMMENDS THAT**:

1. The civil action of Plaintiff Victor B. Perkins, [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* (IFP) of Plaintiff Victor B. Perkins, [ECF No. 2], be **DENIED as MOOT**.

3. Plaintiff's Motion for a Procedural Order to Show Cause, [ECF No. 4], be **DENIED as MOOT.**


Dated: April  30 , 2024                    *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Perkins v. Biden et al*.
                                           Case No. 24-cv-1398 (PAM/TNL)


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).